DONALD S. HONIGMAN (SBN 106914)
KYMBERLY E. SPEER (SBN 121703)
KENNEY & MARKOWITZ L.L.P.
255 California Street, Suite 1300
San Francisco, CA 94111
Telephone:   (415) 397-3100
Facsimile:    (415) 397-3170
Email: dhonigman@kennmark.com
       kspeer@kennmark.com

Attorneys for Defendant
UNITED AIR LINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN McDONALD,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED AIRLINES,<br><br>        Defendant. | CASE NO.  C-07-02626 EDL<br><br>**UNITED AIR LINES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT;**<br>**DEMAND FOR JURY TRIAL** |

Defendant UNITED AIR LINES, INC. ("defendant"), incorrectly named in the Complaint as "United Airlines," responds to plaintiffs' unverified Complaint for itself and for no other defendant as follows:

**FIRST CAUSE OF ACTION**

1.    The allegations in paragraph 1 are conclusions of law for which no response is required.

2.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3.    Responding to the allegations in paragraph 3, defendant admits it is a corporation organized under the laws of the State of Delaware, and that its principal place of business is in Elk

Grove Township, Illinois. Defendant admits that it conducts business in the State of California. The remainder of the allegations in paragraph 3 are conclusions of law for which no response is required.

4.  Responding to the allegations in paragraph 4, defendant admits it is a federally certificated air carrier providing air transportation both domestically and internationally. Regarding the balance of the allegations in paragraph 4, defendant lacks sufficient information or belief at this time to respond to these allegations, and therefore denies them.

5.  Defendant lacks sufficient information or belief to respond to the allegations in paragraph 5, and therefore denies them.

6.  Responding to the allegations in paragraph 6, defendant denies that plaintiff was injured in any way as a result of the acts or omissions of defendant or any of its representatives. The balance of the allegations in paragraph 6 are conclusions of law for which no response is required.

7.  Defendant denies the allegations in paragraph 7, and further denies that plaintiff has been injured or suffered any damages as a direct and proximate result of the acts or omissions of defendant or any of its representatives.

8.  Defendant lacks sufficient information or belief to respond to the allegations in paragraph 8, and therefore denies them.

9.  Defendant lacks sufficient information or belief to respond to the allegations in paragraph 9, and therefore denies them.

10. Defendant lacks sufficient information or belief to respond to the allegations in paragraph 10, and therefore denies them.

11. Defendant lacks sufficient information or belief to respond to the allegations in paragraph 11, and therefore denies them.

12. Defendant lacks sufficient information or belief to respond to the allegations in paragraph 12, and therefore denies them.

## SECOND CAUSE OF ACTION

13. Defendant incorporates by this reference the allegations in paragraph 1-12 above.

14. The allegations in paragraph 14 are conclusions of law for which no response is required.

15. The allegations in paragraph 15 are conclusions of law for which no response is required.

16. The allegations in paragraph 16 are conclusions of law for which no response is required.

17. The allegations in paragraph 17 are conclusions of law for which no response is required.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

The complaint does not state facts sufficient to constitute a cause of action against defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Fault of Others)

Other parties, as yet unidentified, were negligent or legally responsible or otherwise at fault for the damages alleged in the complaint; that in the event of a finding of any liability in favor of plaintiffs against these or other parties, by way of judgment, settlement or otherwise, defendant requests that an apportionment of fault among all parties be made by the court or jury, and that a judgment and declaration of partial indemnification and contribution against all parties be made in accordance with the apportionment of fault.

## THIRD AFFIRMATIVE DEFENSE

### (Prop 51)

In the event of a finding of liability in favor of the plaintiffs against defendant, such liability for non-economic loss is several and not joint, such that defendant would be liable only for that amount of non-economic damages in direct proportion to its respective percentage of fault as set forth by separate judgment pursuant to California Civil Code Section 1431.1 to 1435.

### FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The claims raised in the complaint are barred by the applicable statute of limitations and notice provisions, including but not limited to Code of Civil Procedure Sections 335.1 and 339.

### FIFTH AFFIRMATIVE DEFENSE

### (Knowledge of Facts)

Defendant had no knowledge of, or reasonable grounds to believe in the existence of, the facts by reason which liability is alleged to exist.

### SIXTH AFFIRMATIVE DEFENSE

### (No Causation)

Defendant's conduct did not actually or proximately cause any of the damages allegedly sustained by plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

### (Intervening Act)

Plaintiffs' alleged damages, if any, were the result of intervening, superseding conduct of persons or entities other than defendant.

### EIGHTH AFFIRMATIVE DEFENSE

### (Apportionment of Fault)

Other parties, as yet unidentified, were negligent or legally responsible or otherwise at fault for the damages alleged in the complaint; in the event of a finding of any liability in favor of plaintiffs against defendant or other parties, by way of judgment, settlement, or otherwise, defendant requests that an apportionment of fault among all parties be made by the court or jury, as permitted by *American Motorcycle v. Superior Court*, (1978) 20 Cal.2d 578; and that a judgment and declaration of partial indemnification and contribution against all parties be made in accordance with the apportionment of fault.

## NINTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiffs' claims are preempted by various federal treaties, laws and regulations, including but not limited to the Airline Deregulation Act, the Federal Aviation Administration Authorization Act and Federal Air Regulations, and the airline tariffs applicable to plaintiffs' claims.

## TENTH AFFIRMATIVE DEFENSE

### (Duty of Care)

18.  Defendant did not breach any duty of care as alleged in the complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Fault)

19.  The events complained of in the complaint and plaintiffs' injuries, if any, were caused by plaintiffs' negligence and/or fault, and recovery must be reduced or barred accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

### (Not an "Accident")

20.  The incident alleged in plaintiff's Complaint is not an "accident" under the Montreal Convention or Warsaw Convention.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

21.  Plaintiffs failed to mitigate their damages, if any, and failed to prevent avoidable harm.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Collateral Source Rule)

22.  Plaintiffs' recovery, if any, should be reduced by benefits received under applicable law or by any collateral source payment that has been or, with reasonable certainty, will be paid to plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Voluntary Assumption of Risk)

23. Plaintiffs voluntarily and knowingly entered into and engaged in the operations, acts, and conduct alleged in the complaint, including the services provided by defendant, and voluntarily and knowingly assumed all of the risks incident to those operations, acts, and conduct, including the services provided by defendant, at the times and places mentioned in the complaint, and that this assumption of risk bars and/or limits plaintiffs' recovery and/or the relief sought.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Contract of Carriage)

24. Plaintiffs' claims and any equitable relief and/or alleged damage recovery by plaintiffs is limited and/or barred, as a matter of law, by the contracts of carriage of defendant, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

25. Plaintiffs are estopped by action of law or by conduct from maintaining the action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Further Investigation)

Defendant has exercised its best efforts to fully and completely respond to the complaint. However, the investigation of the facts of this case is ongoing. Accordingly, defendant reserves the right to raise additional defenses and to assert additional claims as warranted.

WHEREFORE, having answered the allegations contained in the complaint, defendant respectfully prays for judgment as follows:

1. That plaintiff take nothing by virtue of the complaint, and that this action is dismissed with prejudice;

2. For costs of suit herein incurred;

Kenney & Markowitz L.L.P.

3. For a judicial determination of the amount of non-economic damages, if any, allocated to defendant in direct proportion to its percentage of fault, if any, and a separate judgment in conformance therewith; and

4. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant United Air Lines, Inc. requests a jury trial.

DATED: June 29, 2007

KENNEY & MARKOWITZ L.L.P

By: _____
DONALD S. HONIGMAN
KYMBERLY E. SPEER
Attorneys for Defendant
UNITED AIRLINES